CURTIS BROWNLOW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brownlow v. Commissioner
Docket No. 14745-88
United States Tax Court
T.C. Memo 1991-185; 1991 Tax Ct. Memo LEXIS 212; 61 T.C.M. (CCH) 2494; T.C.M. (RIA) 91185; April 29, 1991, Filed *212 An appropriate order and decision will be entered. No appearance by or on behalf of petitioner. Alan Friday, for the respondent. PARKER, Judge. PARKER
MEMORANDUM OPINION In statutory notices of deficiency, dated April 12, 1988, respondent determined deficiencies in petitioner's Federal income tax, and additions to the tax, as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1983
$  26,695.32
$ 13,347.00
*
$  6,673.83
1984
66,664.25
33,332.00
**
16,666.06
1985
111,152.97
55,576.00
*** 27,788.24
Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years before the Court, and all Rule references are to the Tax Court Rules of Practice and Procedure. This case is before the Court on respondent's motion for summary judgment, filed *213 February 11, 1991. A Notice Setting Case for Trial was served on September 12, 1990, setting this case for trial during the trial session of the Tax Court in Jackson, Mississippi, commencing February 11, 1991. When the case was called from the trial calendar on that date, there was no appearance by or on behalf of petitioner. Counsel for respondent appeared, reported to the Court on his unsuccessful efforts to contact petitioner for trial preparations, and filed the instant motion for summary judgment. The Court served petitioner by mail with a copy of that motion and by order dated February 11, 1991, allowed him an opportunity to respond. However, the Court's order and the copy of the motion for summary judgment could not be delivered at petitioner's address of record, and petitioner has furnished the Court with no other address for service. At the Court's direction, respondent searched his computer files for the latest address on the latest tax return filed by petitioner. Thereafter, by order dated March 19, 1991, the Court caused a copy of the motion for summary judgment and earlier order to be served on petitioner at that address, both by certified and regular mail. Petitioner *214 was allowed a further period of time to respond to the motion for summary judgment. He has not responded in any way. Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. ; ; . With respect to additions to tax under section 6653(b), respondent has the burden to prove by clear and convincing evidence (1) that there *215 is an underpayment of tax each year and (2) that a part of the underpayment of tax each year is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); ; . However, respondent's burden of proof can be met by facts deemed admitted under Rule 37(c) or Rule 90(c). , affg. a Memorandum Opinion of this Court; ; ; . Here, respondent relies upon the facts deemed admitted under Rule 37(c). On June 12, 1989, respondent filed his motion for entry of an order that undenied allegations in the answer (paragraphs 6(a) through 6(p) of the answer) be deemed admitted. That motion was granted on July 11, 1989, and the facts in paragraphs 6(a) through 6(p) of the answer are deemed admitted. Paragraphs 6(a) through 6(p) of the answer are incorporated herein *216 by this reference. Those facts are briefly summarized below. During the years 1983 through 1985, petitioner operated Curtis Grocery in Jackson, Mississippi. He was authorized to accept food stamps at that store. During the years 1983 through 1985 he devised a scheme to sell food stamps for cash. During those years he deposited in his bank account taxable business gross receipts in the amounts of $ 60,305.57, $ 152,803.02, and $ 249,476.28, for the years 1983, 1984, and 1985, respectively. Those deposits were not reported on his income tax returns for those years, and that unreported income came from his scheme to sell food stamps for cash. Petitioner was indicted in 1985 and pled guilty to six counts of trafficking in food stamps. He was permanently disqualified from the food stamp program for trafficking in food stamps. In 1986 he was again indicted and again pled guilty to another 19 counts of further trafficking in food stamps. The United States District Court Judge for the Southern District of Mississippi suspended most of petitioner's sentence in the first criminal case, allowing him to serve just a few months in a halfway house, but in the second criminal case sentenced *217 petitioner to five years in prison. Petitioner was in prison when he filed his petition in this case. Petitioner fraudulently and with intent to evade taxes omitted from his tax returns the income from trafficking in food stamps over the period of 1983 through 1985. During that three-year period he understated his taxable income by the amounts of $ 71,561.39, $ 159,254.74, and $ 252,438.00, respectively. Of those understatements, the amounts of $ 60,305, $ 152,803, and $ 249,476 for the years 1983, 1984, and 1985, respectively, were attributable to the fraudulently omitted food stamp receipts. Petitioner underpaid his taxes by the amounts of $ 26,695.32, $ 66,664.25, and $ 111,152.97, for the years 1983, 1984, and 1985, respectively, and most of the underpayment each year was attributable to the fraudulently omitted food stamp receipts. Petitioner failed to keep or produce proper records or information as to such omitted items of income, and such failure was due to fraud with intent to evade tax. Most of the underpayment of tax each year was due to fraud with intent to evade tax. Based upon the deemed admitted facts, we conclude that respondent has satisfied his burden to *218 establish fraud each year by clear and convincing evidence. The deemed admitted facts also establish substantially all of the deficiency amounts set out in the deficiency notices as well as the substantial understatements of tax as defined in section 6661(b). Accordingly, we will grant respondent's motion for summary judgment as to the deficiencies, fraud additions, and the section 6661 substantial understatement additions. We think it would also have been appropriate in this case to enter a default judgment against petitioner pursuant to Rule 123(a) for the deficiencies, the fraud additions, and the substantial understatement additions. Petitioner has essentially ignored this case since his petition was filed. Neither his informal petition nor his amended petition contains any assignments of error or any statements of facts upon which he relies. Rule 34(b)(4) and (5). Although he was in prison at the time the petition was filed, he has since been released but has failed to notify the Court as to his current address. Rule 21(b)(4). Petitioner failed to respond to respondent's motion for entry of an order under Rule 37(c); he failed to respond to any of the efforts of respondent's *219 counsel to meet with him and to prepare the case for trial; he failed to comply with the Court's Standing Pre-Trial Order; finally, he failed to appear at the trial. In this situation, we may grant a motion for default judgment if respondent's pleadings allege specific facts sufficient to sustain a finding of fraud. , affd. . Here, respondent's well-pleaded facts in paragraphs 6(a) through 6(p) of the answer would be sufficient to support a default judgment. ; . To reflect the above holdings, An appropriate order and decision will be entered. Footnotes
*. 50 percent of interest due on $ 23,676.00↩
**. 50 percent of interest due on $ 65,066.00↩
***. 50 percent of interest due on $ 110,702.00↩